UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERESA BASCO, ET AL.,

    Plaintiffs,

v.        Case No.  8:06-cv-260-T-24 MSS

GIL MACHIN, ET AL.,

    Defendants.
_____/

## ORDER

    This cause comes before the Court on Plaintiffs' Motion for Rehearing.  (Doc. No. 60). Defendants oppose the motion.  (Doc. No. 61).

    Plaintiffs seek to have the Court reconsider its prior order granting Defendants' motion for summary judgment.  (Doc. No. 58).  There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice.  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)(citations omitted).  The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly.  See id. (citations omitted).

    The Court finds that reconsideration is not warranted, as Plaintiffs are merely re-arguing their position and citing additional cases that could have been previously cited.  While the Court will not address all of Plaintiff's arguments, the Court will address Plaintiffs' question of whether the Court unintentionally overlooked certain cases cited by Plaintiffs in their response to the motion for summary judgment.  The Court did not overlook the two district court cases cited by Plaintiffs; the Court merely was not persuaded by them and is not bound to follow them.

Furthermore, the Court rejects Plaintiffs' argument that due process was violated because hearsay statements were used to terminate the subsidy and Mrs. Basco did not have the opportunity to confront and cross-examine the adverse witnesses who provided the hearsay statements. This is not a case where the sole evidence against the welfare recipient is adverse hearsay statements from a person whose live testimony was beyond the welfare recipient's control. In this case, it appears that the Hearing Officer upheld the decision to terminate the family's subsidy due to the fact that the police report indicated that Mr. Basco (Mrs. Basco's husband and a co-resident of the Assisted Unit) told the police officer that Jones was living at the Assisted Unit, and Mrs. Basco did not present any evidence to contradict the allegation that Mr. Basco made such a statement. Mr. Basco failed to attend the Informal Hearing or to submit an affidavit to the Hearing Officer explaining that he never told the police officers that Jones lived at the Assisted Unit. Since Mr. Basco's testimony was within Mrs. Basco's control, Plaintiffs cannot argue that their due process rights were violated by Mrs. Basco not being able to question Mr. Basco at the Informal Hearing and/or by having Mr. Basco's alleged statements to the police officers used to terminate the family's subsidy.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiffs' Motion for Rehearing (Doc. No. 60) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of March, 2007.

Copies to:
Counsel of Record

SUSAN C. BUCKLEW
United States District Judge

2